

## Office of the Attorney General
### State of Texas

DAN MORALES
ATTORNEY GENERAL

July 29, 1996

Honorable Robert Hill Trapp
Criminal District Attorney
San Jacinto County
P.O. Box 430
Coldspring, Texas 77331

Opinion No. DM-405

Re: Whether a county salary grievance committee may consider an aggrieved elected county officer's complaint after the start of the county's fiscal year (RQ-826)

Dear Mr. Trapp:

You explain that the San Jacinto County Commissioners Court, on December 21, 1994, approved a salary increase of $1,000 for the 1995 fiscal year for elected county officials. The 1995 fiscal year began on January 1, 1995. The commissioners court unanimously approved the 1995 budget on January 9, 1995.

Your office determined that the commissioners court had not notified the public of the proposed increase in salaries of elected county officers in accordance with section 152.013(b) of the Local Government Code. You therefore advised the county judge that, as you state, "the $1,000 salary increase for elected officials was invalid and that the elected officials could only be paid at the salary figure set for the previous fiscal year."[1] Your office further advised the county judge that elected county officials, now denied the proposed salary increase, may, pursuant to section 152.016 of the Local Government Code, request a hearing before the salary grievance committee.

You indicate that thirteen of eighteen elected county officers in fact availed themselves of the grievance procedure provided in section 152.016 of the Local Government Code. On March 20, 1995, the full nine-member salary grievance committee unanimously voted to grant the $1,000 salary increase to the aggrieved elected officials, effective at the earliest date allowable by law. *See* Local Gov't Code § 152.016(c). You ask whether the recommended salary increase may take effect prior to the commencement of the 1996 fiscal year, on January 1, 1996.

Your question assumes the salary grievance committee properly met after the commencement of the new fiscal year. We do not believe, however, that the process outlined in the Local Government Code authorizes the salary grievance committee to meet

---

[1]You have given us no information by which we may consider whether the commissioners court in fact insufficiently notified the public of the proposed increase in elected county officers' salaries. *See* Local Gov't Code § 152.013(b). We therefore do not reexamine your office's conclusion that the notice did not comply with section 152.013(b) and the salary increase was, as a consequence, invalid.

after the commencement of the fiscal year. We conclude, therefore, that the salary grievance committee's actions are void. We will begin our analysis by briefly summarizing the county budget process.

Chapter 111, subchapter A of the Local Government Code provides the only method available for budget preparation in a county with a population less than 225,000 people.[2] *Compare* Local Gov't Code § 111.001 (providing budget preparation method for county with population of 225,000 or less) *with id.* § 111.061 (providing alternative budget preparation method for county with population higher than 125,000). During the seventh month of each fiscal year, section 111.003 requires the county judge, with the assistance of the county auditor or county clerk, to prepare a budget covering "all proposed expenditures of the county government for the succeeding fiscal year." The budget also must estimate revenues the county expects to receive in the succeeding year. *Id.* § 111.004(b), (c).

When the county judge has prepared the proposed budget, he or she must file a copy of it with the county clerk, who will make the copy available for inspection "by any taxpayer." *Id.* § 111.006. After the fifteenth day of the "month next following the month in which the budget was prepared," but before the county commissioners court levies taxes, the commissioners court must hold a public hearing on the proposed budget. *Id.* § 111.007(b). "At the conclusion of the public hearing, the commissioners court shall take action on the proposed budget." *Id.* § 111.008(a).

When the commissioners court has finally approved the budget, it must file the approved budget with the county clerk. *Id.* § 111.009. Once the budget is approved, the commissioners court may levy taxes and expend county funds only in accordance with the budget, except "in a case of grave public necessity to meet an unusual and unforeseen condition that could not have been included in the original budget through the use of reasonably diligent thought and attention." *Id.* § 111.010. The county commissioners court may, however, amend the budget "for county purposes." *Id.* § 111.011.

Placed within this framework for the county's general budgeting process is a more specific procedure by which a county commissioners court sets the amount of compensation, expenses, and allowances each county officer and employee wholly paid from county funds will receive during the following fiscal year. Section 152.013 of the Local Government Code applies specifically to the salaries, expenses, and other allowances budgeted for elected county or precinct officers:

> (a) Each year the commissioners court shall set the salary, expenses, and other allowances of elected county or precinct officers.

---

[2]San Jacinto County, the county about which you ask, has a population of approximately 16,372 people. *See* Bureau of the Census, U.S. Dep't of Commerce, 1990 Census of Population: General Characteristics: Texas 3 (1992).

> The commissioners court shall set the items at a regular meeting of the court during the regular budget hearing and adoption proceedings.
>
> . . . .
>
> (c) Before filing the annual budget with the county clerk, the commissioners court shall give written notice to each elected county and precinct officer of the officer's salary and personal expenses to be included in the budget.

Any elected county or precinct officer who is dissatisfied with the amount of salary or personal expenses the county commissioners court proposes to pay the officer during the succeeding fiscal year may seek redress through the county's salary grievance committee, which is composed either of a mixture of public servants and private citizens or wholly of private citizens. *See id.* § 152.014(a). Section 152.016 provides as follows:

> (a) An elected county or precinct officer who is aggrieved by the setting of the officer's salary or personal expenses may request a hearing before the salary grievance committee. The request must:
>
> (1) be in writing;
>
> (2) be delivered to the committee chairman within five days after the date the officer receives notice of the salary or personal expenses; and
>
> (3) state the desired change in salary or personal expenses.
>
> (b) The committee shall hold a public hearing within 10 days after the date the request is received. . . .
>
> (c) If, after the hearing, six or more of the members vote to recommend an increase in the officer's salary or personal expenses, the committee shall submit its recommendation to the commissioners court in writing. If six to eight members vote to recommend the increase, the commissioners court shall consider the recommendation at its next meeting. If nine members vote to recommend the increase and sign the recommendation, the commissioners court shall include the increase in the budget before the budget is filed and the increase takes effect in the next budget year.
>
> (d) The committee's authority is limited to the consideration of increases in the salaries or personal expenses of county and precinct officers. The committee may not set policy of the county or add new items to a proposed county budget.

When pieced together, chapters 111, subchapter A and 152, subchapter B of the Local Government Code provide the chronology of a county's budgeting process. We

will summarize the chronology of events pertinent to the issue you raise. First, once the commissioners court has received the proposed budget from the county judge, the commissioners court sets the salary, expenses, and other allowances of elected county officers "at a regular meeting of the court during the regular budget hearing and adoption proceedings." *Id.* § 152.013(a).

Second, after the commissioners court has adopted the budget, but before filing it with the county clerk, the commissioners court notifies each elected county officer in writing of the salary and personal expenses the officer is budgeted to receive in the succeeding fiscal year. *Id.* § 152.013(c); *see also id.* § 111.009 (requiring county commissioners court to file approved budget with county clerk). Third, within five days of receiving notice, an aggrieved county officer must deliver to the salary committee chair a request for a hearing before the salary grievance committee. *Id.* § 152.016(a). Fourth, the salary grievance committee, within ten days of receiving the request for a hearing, must conduct a public hearing. *Id.* § 152.016(b).

If, as in the situation about which you inquire,[3] the vote to recommend an increase in the officer's salary is unanimous, the commissioners court must include the recommendation in the succeeding year's budget "before the budget is filed." *Id.*; *see also id.* § 111.009 (requiring county commissioners court to file approved budget with county clerk). If the grievance committee's vote is unanimous, the increase in salary or personal expenses "takes effect in the next budget year."[4] *Id.* § 152.016(c).

Thus, a county's salary grievance committee may operate only in a brief, specified window of time, after the county commissioners court adopts a budget for the succeeding fiscal year and prior to the time the county commissioners court files the final budget with the county clerk. The statutes do not contemplate that a grievance committee will operate at any time other than during the county's regular budget process. According to the information you provided, however, the salary grievance committee in San Jacinto County heard a grievance after the beginning of the county's fiscal year. The committee was unauthorized to consider a grievance at that time. Its unanimous vote to increase San Jacinto elected county officers' salaries by $1,000 is void. *See* Attorney General Opinion JM-27 (1983) at 2; Letter Opinion No. 95-18 (1995) at 2.

---

[3]Because your situation did not involve a recommendation approved by six to eight salary grievance committee members, we need not consider whether such a recommendation, upon a favorable vote by the commissioners court, must be included in the budget when it is filed, to take effect in the succeeding budget year.

[4]Indeed, previous opinions of this office have concluded that a commissioners court may modify an elected county official's salary only during the regular budget hearing. *See, e.g.,* Attorney General Opinions JM-839 (1988) at 6, H-643 (1975) at 2 (construing statutory predecessor to Local Government Code section 152.013), H-11 (1973) at 3 (same).

This result differs from our interpretation of the statutory predecessor to section 152.016 of the Local Government Code, V.T.C.S. article 3912k, section 2(d), in Attorney General Opinion MW-516 (1982). In 1982 V.T.C.S. article 3912k, section 2(d), provided that "[a] written recommendation signed by all nine committee members and delivered to the commissioners court becomes effective . . . on the first day of the month following its delivery to the commissioners court." *See* Act of May 29, 1983, 68th Leg., R.S., ch. 336, § 1, 1983 Tex. Gen. Laws 1741, 1742 (proposing amendment to article 3912k, section 2(d)). Furthermore, no statute required the salary grievance committee to work in a specified period of time during the regular county budget process.

Attorney General Opinion MW-516 considered a situation in which the commissioners court failed to give proper notice of a budget that proposed to increase the salaries of elected county officers, effective at the start of the next fiscal year, January 1, 1982. *See* Attorney General Opinion MW-516 (1982) at 1-2. The district attorney advised the commissioners court that it had not complied with the law and that the salary increases were, therefore, invalid. *Id.* All elected county officials appealed to the salary grievance committee, which awarded increased salaries for the year, effective March 1, 1981. *Id.* Thus, the officers apparently began receiving the recommended increases in the middle of the county's fiscal year. *See id.*

In 1983 the legislature amended V.T.C.S. article 3912k, providing, among other things, a requirement that the commissioners court "prior to filing . . . the annual budget with the clerk of the county court" notify each elected county officer of his or her salary and personal expenses to be included in the succeeding year's budget. *See* Act of May 29, 1983, 68th Leg., R.S., ch. 336, § 1, 1983 Tex. Gen. Laws 1741, 1742. Additionally, the legislature established the time line now found in section 152.016 of the Local Government Code: within five days of receiving notice of the budgeted salary and personal expenses, an aggrieved elected county officer must request a hearing before the salary grievance committee; within ten days after receiving the request for hearing, the salary grievance committee must conduct the hearing. *See id.* The legislature also added the language setting the effective date of a recommendation signed by nine members of the salary grievance committee and providing that such a recommendation becomes effective "in the next budget year." *See id.* § 1, at 1743.

Testimony before the House Committee on County Affairs indicated that, by changing the effective date of a recommendation of nine members of the salary grievance committee, the proposed amendment would improve the timing, relative to the county budgeting process, for implementing the recommendation. *See* Hearings on H.B. 804, 68th Leg. (Apr. 20, 1983) (testimony of Janet Coplin, representing Dallas County Commissioners Court) (tape available from House Video/Audio Services Office) (stating that amendment regarding time salary grievance committee could meet would coincide better with commissioners court's budget scheduling). Witnesses understood the proposed amendment to require an elected county officer who wished to file a grievance to do so before the county commissioners court finalizes its budget for the upcoming fiscal

year. *Id.* (testimony of C.C. Smith, Van Zandt County Commissioner); *see id.* (testimony of Janet Coplin, representing Dallas County Commissioners Court).

In our opinion, the legislature amended the statutory predecessor to section 152.016(c) of the Local Government Code in 1983 to preclude a result such as that described in Attorney General Opinion MW-516, in which a county is faced with increased expenses in the middle of the budget year. *See also* Hearings on H.B. 804 Before the County Affairs Committee, 68th Leg. (Apr. 20, 1983) (testimony of Sam Hilliard, Van Zandt County Judge) (tape available from House Video/Audio Services Office) (stating that, under current system, it is "very difficult to operate and keep a balanced budget" because salary grievance commission may change budget at any point during year).

To the extent Attorney General Opinion MW-516 is inconsistent with this opinion, it has been overruled by the 1983 amendments to V.T.C.S. article 3912k, codified in part as Local Government Code sections 152.013 and 152.016.

## S U M M A R Y

Under section 152.016 of the Local Government Code, an aggrieved elected county officer may request a hearing before the county's salary grievance committee within five days of receiving notice from the county commissioners court of the officer's salary and personal expenses for the upcoming budget year. The salary grievance committee must meet to consider the grievance within ten days after receiving the request for a hearing. A salary grievance committee may not meet after the county has filed with the county clerk the final budget for the succeeding fiscal year. The salary grievance committee certainly may not meet after the start of the fiscal year. Any actions taken by a salary grievance committee at an unauthorized meeting are void.

To the extent Attorney General Opinion MW-516 (1982) is inconsistent with this opinion, it has been overruled by the 1983 amendments to V.T.C.S. article 3912k, codified in part as Local Government Code sections 152.013 and 152.016.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General